UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| ADMV MANAGEMENT, LLC, | ) | Chapter 11 |
| | ) | Case No. 23-41078-EDK |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ADMV MANAGEMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 24-4043-EDK |
| RESOURCE CAPITAL, LLC and | ) | |
| WILLIAM DEPIETRI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANSWER OF DEFENDANT RESOURCE CAPITAL, LLC TO COMPLAINT

The defendant, Resource Capital, LLC ("Resource") hereby responds to the Complaint of plaintiff, ADMV Management, LLC ("ADMV") as follows:

1.     Resource admits the first sentence of paragraph 1.  Resource admits that Lisa Venuto ("Ms. Venuto") is the Manager of ADMV but lacks knowledge or information sufficient to form a belief as to the truth of whether Ms. Venuto owns 100% of the membership interests, and therefore denies that allegation.

2.     Admitted.

3.     Admitted that Mr. Depietri's residence is at 133 Seaport Blvd in Boston MA.

4.      The allegations in this paragraph call for a legal conclusion which requires no response; subject thereto, Resource consents to entry of final orders or judgment by the Bankruptcy Court on Count VI of the Complaint.  Resource does not consent to entry of final orders or judgment by the Bankruptcy Court on Counts I, II, III, IV, V, and VII of the Complaint.

5.      The allegations in this paragraph call for a legal conclusion which requires no response and therefore Resource denies these allegations.

6.      The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.

7.      The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.

8.      Admitted.

9.      Resource denies the characterizations and allegations in this paragraph but admits that Resource is a lender, and that Mr. Depietri was the principal of Resource.

10.      Denied.

11.      Defendant admits that Mr. Venuto is in the business of real estate development and has obtained business loans from Resource in the past.  Resource denies that Mr. Venuto had done work for Resource in the past.  Resource admits that Mr. Venuto and Mr. Depietri were acquainted with each other and that Mr. Venuto is Ms. Venuto's spouse.

12.      Admitted that the Ronald Way property was in foreclosure, that the title was in Mr. Venuto's name only, that the FCC Realty Trust was the high bidder at the sale, that Mr. Depietri is the trustee of the FCC Realty Trust, and that Mr. Depietri was aware of the foreclosure.  Resource has no information concerning the Venutos' search for a new home, and therefore denies those allegations.

2

13.     Resource admits that the Venutos sought to purchase the property at 29 Stonebrook Road,
        but otherwise it is without information regarding the remaining allegations of this
        paragraph and therefore denies them.

14.     Admitted that Mr. Venuto approached Resource for a loan to buy and rehabilitate the
        property and that Resource agreed to provide a commercial loan.

15.     Admitted.

16.     Admitted that Resource informed Mr. Venuto that the property would have to be owned
        by a limited liability company.  Admitted that the parties agreed that two properties in
        Framingham would also be needed as additional collateral.  Otherwise, this allegation is
        denied.

17.     Denied.

18.     Admitted that documents concerning the requested loan were sent to the Venutos, and
        that the document attached as Exhibit A speaks for itself.  Otherwise, this allegation is
        denied.

19.     Resource admits that ADMV was formed, but otherwise Resource is without sufficient
        information to respond to this allegation and therefore denies it.

20.     Denied.

21.     Denied.

22.     Resource lacks knowledge or information sufficient to form a belief about the truth of
        this allegation and therefore denies it.

23.     Resource admits there was a promissory note for the loan.  Resource states that the
        promissory note speaks for itself and denies any characterizations of the note.  Resource

admits that it made an initial advance of $377,000 under the loan. Otherwise, Resource

denies the allegations of this paragraph.

24.     The terms of the documents referred to in this paragraph speak for themselves and

Resource denies any characterization of the documents. Resource denies the other

allegations of this paragraph.

25.     Denied.

26.     Admitted that there were additional funds advanced to the Venutos after the closing, as is

usual and customary in a commercial construction loan. The amounts and dates of

advances are documented, and those records speak for themselves; Resource denies any

characterizations of the records.

27.     The deed referred to in this paragraph speaks for itself, and any characterizations thereof

are denied.

28.     Resource admits that the Roland Way property was sold, but otherwise denies the

allegations of this paragraph.

29.     Resource states that the loan records speak for themselves and denies any

characterization of the records.

30.     Denied.

31.      Resource states that the loan records speak for themselves and reflect the dates of

extensions and the maturity of the loan, and Resource denies any characterization of the

records.

32.     Admitted that there were discussions concerning the balance owed on the loan, but

denied that there was a request for a specific payoff figure as of a given date. With

respect to a "formal demand" Resource states that the loan records speak for themselves and denies any characterization of the records.

33.   Denied.

34.   Resource admits there was a partial payment and that the GST mortgages were discharged.  Resource states that the obligations of GST are reflected in the loan documents and the guaranty it executed, which  speak for itself, and Resource denies any characterizations of the records.

35.   Resource lacks knowledge or information sufficient to form a belief about the truth of this allegation and therefore denies it.

36.   Denied.

37.   Resource states that the loan records speak for themselves and denies any characterization of the records.

38.   Admitted.

39.   Admitted.

40.   Resource incorporates by reference all of the foregoing responses as if they were set forth in full herein.

41.   The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.

42.   Denied.

43.   The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.  To the extent that the allegations state facts, they are denied.

44.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.  To the extent that the allegations state facts, they are denied.

45.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.  To the extent that the allegations state facts, they are denied.

46.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.  To the extent that the allegations state facts, they are denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Resource incorporates by reference all of the foregoing responses as if they were set forth in full herein.

51.     Resource admits that such disclosures were not given, but denies there was any obligation to give anything.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Resource incorporates by reference all of the foregoing responses as if they were set forth in full herein.

58.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.  To the extent that the allegations state facts, they are denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Resource incorporates by reference all of the foregoing responses as if they were set forth in full herein.

63.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations.  To the extent that the allegations state facts, they are denied.

64.     Denied.

65.     Denied.

66.     Resource incorporates by reference all of the foregoing responses as if they were set forth in full herein.

67.     The allegations in the first paragraph of this allegation call for legal conclusions which require no response, and therefore Resource denies those allegations.  The second sentence of this allegation is denied.

68.     Denied.

69.     Resource incorporates by reference all of the foregoing responses as if they were set forth in full herein.

70.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations. To the extent that the allegations state facts, they are denied.

71.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations. To the extent that the allegations state facts, they are denied.

72.     Denied.

73.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations. To the extent that the allegations state facts, they are denied.

74.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations. To the extent that the allegations state facts, they are denied.

75.     Resource incorporates by reference all of the foregoing responses as if they were set forth in full herein.

76.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations. To the extent that the allegations state facts, they are denied.

77.     The allegations in this paragraph call for legal conclusions which require no response, and therefore Resource denies these allegations. To the extent that the allegations state facts, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has unclean hands and should be denied relief.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is equitably estopped from pursuing the claims asserted in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff waived its claims and its right to assert the claims alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff fraudulently induced Resource into making a loan by the use of

misrepresentations and falsehoods, thereby barring the Plaintiff from asserting the claims made.

### TENTH AFFIRMATIVE DEFENSE

Any error or mistake made by Resource was an unintentional good faith error and cannot

therefore be the subject of the claims asserted by the plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

Any recovery by the Plaintiff must be set off by the harm and damages caused to

Resource by the Plaintiff

WHEREFORE, Resource respectfully requests that this Court:

1)      Dismiss the Complaint;

2)      Enter Judgment for Resource;

3)      Award Resource its costs, expenses, and legal fees to the extent permitted by law;

        and

4)      Award Resource such other and further relief as is just and appropriate.

Respectfully submitted,

WILLIAM DEPIETRI,

By his attorneys,

 /s/ Adam J. Ruttenberg
Adam J. Ruttenberg, BBO 553158
Charles P. Kindregan, BBO 554947
BEACON LAW GROUP, LLC
935 Great Plain Avenue, #116
Needham, MA  02492
(617) 235-8600
aruttenberg@beaconlawgroup.com

Dated:  January 8, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Adam J. Ruttenberg, hereby certify my understanding that on January 8, 2025, a true and accurate copy of the foregoing document was served upon the plaintiff by the Court's ECF filing system as follows:

- Donald Ethan Jeffery    ejeffery@murphyking.com, dkonusevska@murphyking.com

/s/ Adam J. Ruttenberg<br>
Adam J. Ruttenberg